UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

In Re: EVA JULIA SZILLERY,    )
                              )   1:19-cv-00422-JAW
         Appellant.           )

**ORDER ON MOTION TO AMEND A JUDGMENT**

A debtor in a long-closed bankruptcy proceeding who is appealing the denial of her request to reopen her bankruptcy case files a motion seeking to have the caption of this case changed, documents deleted from the public docket, her filing fee transferred from this appeal to a new appeal that she has filed, and for the transcript of the bankruptcy proceeding in which her motion was denied to be transferred to her new bankruptcy appeal. Because the Court has already changed the caption of this now-dismissed case at the debtor's request, will not delete documents from the public record, is without authority to transfer a filing fee from one case to another, and does not control the filing of transcripts on its docket, the Court denies the debtor's motion.

**I.   BACKGROUND**

The procedural history of this bankruptcy appeal is described through October 18, 2019, in the Court's order of November 25, 2019, *Order on Mot. to Withdraw and Discard the Disfigured Record* (ECF No. 14) (*Order*), and the Court assumes familiarity with that order. On November 25, 2019, the Court issued an order on Eva Julia Szillery's motion to withdraw and discard what she referred to as the "disfigured record," construing it as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) and granting dismissal while denying Ms.

Szillery's request for return of her filing fee. *Id.* at 2-3. The Clerk of Court entered judgment on that same day. *J.* (ECF No. 15).

On November 26, 2015, Ms. Szillery filed a motion seeking clarification of the Court's judgment because the "Pace[r] Monitor still list[ed] the case [as] Eva Szillery v. University of Maine System, even though the University of Maine System has not been creditor in the original Bankruptcy case." *Mot. for Clarification for Correct Listing of the Appeal in the Pace Monitor* (ECF No. 16). The Court granted this motion for clarification on that same day, *Order Granting Mot. for Clarification* (ECF No. 17), and an amended judgment issued. *Am. J.* (ECF No. 18).

On December 5, 2019, Ms. Szillery filed a new bankruptcy appeal. *Bankruptcy Appeal*, *In re Eva J. Szillery*, (D Me.) (No. 1:19-cv-00554-JAW), ECF No. 1. On December 10, 2019, Ms. Szillery filed a motion to amend the amended judgment in this case, No. 1:19-cv-00422-JAW. *Mot. to Amend a J.* (ECF No. 19) (*Pet'r's Mot.*). In this order, the Court addresses Ms. Szillery's motion in this case.

## II. POSITION OF EVA JULIA SZILLERY

Ms. Szillery states that the Court has made an error, and thus she is entitled to a second amended judgment under Federal Rule of Civil Procedure 59(e). *Pet'r's Mot.* at 2. She states that her attorneys in her bankruptcy case did not tell her that an attorney for the University of Maine filed a baseless claim on the University's behalf on September 30, 2005, and that if she had known, she would have opposed the claim. *Id.*at 2-3. She states that one of the attorneys involved in this case is conflicted as he represents her and simultaneously represents an administrator of

the University of Maine, *id.* at 3, and that University of Maine attorneys have improperly not withdrawn from the case. *Id.* All of this, according to Ms. Szillery, has caused her to suffer deteriorating physical and mental health, as well as lost income. *Id.* Ms. Szillery proceeds to describe the procedural history of this case. *Id.* at 4.

Ms. Szillery states that relief under Rule 59(e) "may only be granted for (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at 5. She says that it is this third justification for relief that applies to her. *Id.* Ms. Szillery argues that "[i]t is a clear error of law in the case of *an unopposed order to enter the name of Appellee*" because "[a]ltering Appellant's Notice of Appeal to a different one, leaving on the record and dismissing her real Notice of Appeal is clearly results manifest injustice . . .." *Id.* at 5-6 (emphasis in original). Ms. Szillery asks that the Court "delete the complete Disfigured Notice of Appeal and file Appellant's Notice of Appeal as shown on EXHIBIT 3 from the Bankruptcy Court Transmittal Shee[t]" and "[a]pply the already paid filing fee and us[e] the existing transcript already paid by Appellant for her Appeal of Judge Fagone's Minute Order of July 25, 2019." *Id.* at 6.

### III. DISCUSSION

As best the Court can interpret Ms. Szillery's motion, she is requesting four separate things: (1) first, that the caption displayed on PACER in this case be altered to reflect that there is no appellee; (2) second, that the Court delete all the documents

in this docket which state that the University of Maine is the appellee; 3) third, that the filing fee she paid for this case be applied to her new bankruptcy appeal; and (4) fourth, that the transcript she already paid for be used in her new bankruptcy appeal.

The Court seeks to reassure Ms. Szillery about the caption of this now dismissed bankruptcy appeal. While PACER may reflect that the appeal is titled *Szillery v. University of Maine System*, this is no longer the case. The amended judgment in this case (and now this order) reflects that the caption is now *In re: Eva Julia Szillery*, *see Am. J.*, and it is the judgment that controls, rather than the docket sheet. *See Burke v. Comm'r of Internal Revenue*, 301 F.2d 903, 903 (1962) (stating that what is determinative is not the docket, but rather "the action of the court"). Additionally, the docket sheet reflects that the University of Maine was terminated from this appeal on September 12, 2019. Furthermore, this case has been dismissed at Ms. Szillery's request, and all further proceedings will take place in docket number 1:19-cv-00554-JAW, which Ms. Szillery does not contend has an incorrect caption. Therefore, as the requested change to the caption of this appeal has already been made and as this case has been dismissed at Ms. Szillery's wish, the Court regards Ms. Szillery's further request to change a caption that has already been changed as moot.

Second, the Court cannot delete documents from the public docket on which they reside. Once a document has been filed on the public docket, it becomes a public record and the Court is not authorized to delete it absent compelling reasons. *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013). There are no such compelling

4

reasons here, particularly as the source of Ms. Szillery's upset—the incorrect caption on her dismissed appeal—has been corrected by the amended judgment.

Third, the Court has no authority to use the filing fee Ms. Szillery paid in this bankruptcy appeal for Ms. Szillery's new bankruptcy appeal. As the Court stated in its November 25 Order, "[i]t was Ms. Szillery who filed in this Court and her later decision not to proceed does not affect the filing fee, which is due and payable at filing." *Order* at 2. Similar logic applies to transferring the filing fee. Ms. Szillery chose to open a new bankruptcy appeal, and the filing fee for that new case "is due and payable at filing." *Id.* The Court is aware of no provision of law that would permit it to transfer a filing fee from one case to another. The Court notes that in the underlying bankruptcy case, Ms. Szillery filed a petition to waive her filing fee for her new bankruptcy appeal, *Pet. to Waive Filing Fee, In re: Eva Julia Szillery*, (Bankr. D. Me.) (No. 05-11636) (ECF No. 142), which was denied as lacking in sufficient detail. *Id.*, *Order Denying Mot. to Waive Filing Fee* (ECF No. 143).

If the filing fee for her new case presents a financial hardship for Ms. Szillery, she is entitled to file a form AO 240 "Application to Proceed in District Court Without Prepaying Fees or Costs" (available on the website of the United States District Court for the District of Maine) on the docket of her new bankruptcy appeal, and the Court will consider the merits of that application. The Court cautions Ms. Szillery that if it is to grant such an application, the application must contain enough information about her income and finances for the Court to determine whether she is eligible for a fee waiver.

Fourth, the Bankruptcy Court possesses the official transcript for the proceeding before Judge Fagone on Ms. Szillery's motion to reopen her chapter 13 case, *id.*, *Tr. of Mot. to Reopen Chapter 13 Case and Generic Mot.* (ECF No. 137), and Ms. Szillery should address her request for that transcript to be filed on the docket in her new bankruptcy appeal to the Bankruptcy Court. The Clerk of the Bankruptcy Court has the responsibility of transmitting the record on appeal or providing notice that the record is available electronically to this Court. *See* FED. R. BANKR. P. 8010(b)(1).

While the Court understands that Ms. Szillery may be frustrated, she has not suffered "manifest injustice" entitling her to relief under Rule 59(e). This bankruptcy appeal was dismissed and the caption changed at her request. The Court is not able to provide Ms. Szillery with the remaining relief she requests related to her filing fee and the transcript of proceedings in her underlying bankruptcy case.

## IV. CONCLUSION

The Court DENIES Eva Julia Szillery's Motion to Amend a Judgment (ECF No. 19).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of December, 2019